## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **RACHEL MILLS,**<br>**KEELA SINGLETON, and**<br>**MADISON McDEARIS,**<br>**individually and on behalf of all**<br>**others similarly situated,** | |
| *Plaintiffs*, | **CIVIL ACTION FILE NO.** |
| **v.** | |
| **LAST RESORT GRILL, INC.,**<br>**MELISSA CLEGG, and**<br>**JAMSHAD ZARNEGAR,** | **JURY DEMAND**<br>**COLLECTIVE ACTION** |
| *Defendants*. | |

## <u>COMPLAINT</u>

**NOW COME** Rachel Mills, Keela Singleton and Madison McDearis, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") and assert this Complaint against Defendants the Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA" or "the Act").  Plaintiffs state more fully as follows:

## INTRODUCTION

1.

Plaintiffs worked for Defendants within three (3) years preceding the filing of this Complaint. Defendants failed and willfully refused to pay Plaintiffs minimum wages equal to or exceeding the amount required under the FLSA §6, 29 U.S.C. §206. Plaintiffs seek, both for themselves and all other similarly situated employees, their unpaid wages for three (3) years preceding the filing of this Complaint (hereinafter "the Relevant Period"), liquidated damages, and their attorneys' fees and costs of litigation under the Act.

2.

More specifically, Defendants violated the Act in several specific ways. First, the Defendants did not accurately track and record all hours worked due to a faulty timekeeping system. Second, Defendants tacitly encouraged, and were aware of, Plaintiffs working off-the-clock due to the excessive side-work required of servers. Third, Defendant failed to compensate the service staff for compensable breaks, staff meetings, required "tastings" and for inter-shift wait time (the time-period between shifts were servers were scheduled to work two (2) shifts per day). Fourth, Defendants impermissibly paid service staff the tipped minimum wage for (a) improper side-work tasks, (b) excessive side-work tasks (greater than twenty percent (20%) of each work shift) and (c) non-contemporaneous side-work tasks. Fifth,

2

Defendants charged Plaintiffs illegal kickbacks under the Act for "lost tickets" (missing customer charge slips) and for aprons. Sixth, Defendants violated the tip pool regulations in that (a) managers participated in and received money from the tip pool, (b) back-of-house employees illegally received tips from service staff, (c) no accurate description of the tip pool was ever provided to the service staff, (d) accurate records of gross tips received and the tip pool distribution were never kept and/or provided to the service staff, and (e) service staff was required to tip-out more than fifteen percent (15%) of their actual tips received.  Seventh, Defendants have failed to keep and maintain the proper records required under the Act.

JURISDICTION

3.

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*.  This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337.

VENUE

4.

Defendant Last Resort Grill, Inc. is a Georgia-based corporation with both its corporate office and restaurant at 174/184 West Clayton Street, Athens, Georgia and may be served via its registered agent Greg Garcia.  Venue for this action

3

properly lies in the Middle District of Georgia, Athens Division, pursuant to 28.

U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, and 3.4, M.D. Ga.

## DEFENDANTS' COVERAGE UNDER THE FLSA

### Sub-Part 1: Last Resort Grill, Inc.

5.

Last Resort Grill, Inc. operates a restaurant located at 174/184 West Clayton

Street, Athens, Georgia.

6.

Melissa Clegg is the C.E.O. of Last Resort Grill, Inc.  Jamshad Zarnegar is

the Operating Manager/Managing Partner of Last Resort Grill, Inc.

7.

Last Resort Grill, Inc. is owned, in whole or in part, by Melissa Clegg.  Last

Resort Grill, Inc. is also owned, in whole or in part, by Jamshad Zarnegar.

8.

Plaintiff Mills was employed by Last Resort Grill, Inc. starting in May 2017.

Her employment was terminated in March 2020.

9.

Plaintiff Singleton was employed by Last Resort Grill, Inc. starting in

January 2018. Her employment was terminated in June 2020.

10.

Plaintiff McDearis was employed by Last Resort Grill, Inc. starting in March 2012.  Her employment was terminated in January 2018.

11.

In calendar year 2017, Last Resort Grill, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

12.

In calendar year 2018, Last Resort Grill, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

13.

In calendar year 2019, Last Resort Grill, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

14.

In calendar year 2020, Last Resort Grill, Inc. will have an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

15.

Last Resort Grill, Inc. constitutes an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act, 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a), for the years 2017 through 2020.

16.

For the calendar year 2017, Last Resort Grill, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

17.

For the calendar year 2018, Last Resort Grill, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

18.

For the calendar year 2019, Last Resort Grill, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

19.

For the calendar year 2020, Last Resort Grill, Inc. is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

20.

Last Resort Grill, Inc. is an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act, 29. U.S.C. §203(d).

21.

Last Resort Grill, Inc. was an "employer" of Plaintiff Mills, as defined in §3(d) of the Act.  29 U.S.C. §203(d), in 2017, 2018, 2019 and 2020.

22.

Last Resort Grill, Inc. was an "employer" of Plaintiff Singleton, as defined in §3(d) of the Act.  29 U.S.C. §203(d), in 2018, 2019 and 2020.

23.

Last Resort Grill, Inc. was an "employer" of Plaintiff McDearis, as defined in §3(d) of the Act.  29 U.S.C. §203(d), in 2017 and 2018.

24.

During the relevant time period – 2017 through 2020 – Last Resort Grill, Inc. constituted an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of  §3(r), §3(s)(1), §6(a) and §7(a) of the Act.  29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a).

<u>Sub-Part 2: Owner/Managers as "Employers"</u>

25.

Defendant Melissa Clegg is an owner and/or shareholder in Last Resort Grill, Inc.

26.

Defendant Melissa Clegg is the C.E.O. of Last Resort Grill, Inc.

27.

Defendant Melissa Clegg, along with other individuals, manages the day-to-day operations of Last Resort Grill, Inc.

28.

Defendant Melissa Clegg acted and acts directly in the interest of Last Resort Grill, Inc. in relation to Defendant Last Resort Grill, Inc.'s employees such as Plaintiffs.  Thus, Clegg was an "employer" of the Plaintiffs within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

29.

Defendant Jamshad Zarnegar is an owner and/or shareholder in Last Resort Grill, Inc.

30.

Defendant Jamshad Zarnegar is the Managing Partner of Last Resort Grill, Inc.

31.

Defendant Jamshad Zarnegar, along with other individuals, manages the day-to-day operations of Last Resort Grill, Inc.

32.

Defendant Jamshad Zarnegar acted and acts directly in the interest of Last Resort Grill, Inc. in relation to Defendant Last Resort Grill, Inc.'s employees such as Plaintiffs.  Thus, Clegg was an "employer" of the Plaintiffs within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

FACTS.

Sub-Part 1: Basic Employment Facts.

33.

Plaintiff Rachel Mills was employed by Defendants from May 2017 to March 2020.

34.

Plaintiff Keela Singleton was employed by Defendants from January 2018 to June 2020.

35.

Plaintiff Madison McDearis was employed by Defendants from March 2012 to January 2018.

36.

During the Relevant Period, the Plaintiff were employed by the Defendants as Host/Server Assistant, Server, and Bartender.

37.

Defendant Last Resort Grill, Inc. is a restaurant located in Athens, Georgia.

38.

While the exact hours of operation and hours of food service have varied slightly during the Applicable Period, in general (a) lunch shift started at 10:00 A.M. with food service starting at 11:00 A.M., food service ended at 3:00 P.M. with the shift ending at 4:00 P.M., (b) dinner shift started at 4:00 P.M., food service started at 5:00 P.M. and ended at either 10:00 P.M. or 11:00 PM, and the dinner shift ended at either 11:00 PM or 12:00 AM, and (c) brunch shift started 9:00 A.M., food service started at 10:00 A.M. and ended at 3:00 P.M., and the shift ended at 4:30 or 5:00 P.M.

39.

While the foregoing paragraph describes the regular hours of operation, the Plaintiff's actual work hours depended on restaurant volume, job position worked, and the amount of side-work assigned.

40.

Defendant Last Resort Grill, Inc. utilized a tip pool as that term is defined under the Act, *see e.g.*, 20 C.F.R. Sub-Part D, 29 C.F.R. §531.54 and 29 U.S.C. §203(m).

41.

Hosts and Server Assistants were paid $8.50 per hour plus a disbursement from tip pool.

42.

Servers were paid $2.13 per hour plus tips.

43.

Servers contributed to the tip pool in an amount from two percent (2%) to three & one-half percent (3½%) of gross sales.

44.

Bartenders were paid $5.50 per hour plus a disbursement from tip pool and bar-related cash tips.

Sub-Part 2: Uncompensated Time.

45.

Defendant Last Resort Grill, Inc.'s time-keeping system did not accurately capture and track all work hours.

46.

Additionally, Plaintiffs worked off the clock due to the excessive and unrealistic side-work expectations of Defendant Last Resort Grill, Inc.  Defendant Last Resort Grill, Inc.'s management was well-aware of the practice. When service staff complained, the typical response was "you should manage your time better."

47.

Additionally, Plaintiffs were required to clock out for _any_ break of _any_ type and/or durations.  Thus, Defendant Last Resort Grill, Inc. required service staff to clock out for breaks of less than twenty (20) minutes.

48.

Additionally, Defendant Last Resort Grill, Inc. required the Plaintiffs to attend a variety of company meetings and these meetings were always unpaid, off-the-clock events.

49.

Additionally, Defendant Last Resort Grill, Inc. required the Plaintiffs to attend a variety of "tastings," including wine tastings, cocktail tastings, and food tastings.  These events were also unpaid, off-the-clock events.

50.

Additionally, Plaintiffs typically had to wait approximately fifteen (15) minutes after clocking-out post-shift for the manager on duty to "check-out" each sever before he/she could leave.

51.

And finally, the Plaintiffs frequently were required to work double-shifts, i.e., two shifts in a single workday.  The intervals between these split-shifts could range from twenty (20) minutes, or less, to roughly one (1) hour.  Unpaid breaks between shifts of twenty (20) minutes or less are a *per se* violation of the Act. Breaks of one (1) hour or less constitute compensable "wait time" under the Act as the periods were too short for the Plaintiffs to utilize them for their own purposes.

<u>Sub-Part 3: Illegal Kickbacks.</u>

52.

Defendant Last Resort Grill, Inc.  required Plaintiffs to pay seventy-five dollars ($75.00) for any customer-receipt that was lost.

53.

Additionally, Defendant Last Resort Grill, Inc. required the Plaintiffs to purchase aprons for thirty-five dollars ($35.00) each.

54.

Both charges were solely for the benefit of Defendant Last Resort Grill, Inc.

<u>Sub-Part 4: Impermissible Side-Work Paid at Tipped Wage Rate.</u>

55.

Defendant Last Resort Grill, Inc. paid the Plaintiffs the "tipped minimum wage," either $2.13 for servers or $5.50 for bartenders rather than the normal minimum wage of $7.25 per hour, *see* 29 U.S.C. §203(m)(2), for **_all_** hours worked regardless of the tasks performed by the Plaintiffs.

56.

Defendant Last Resort Grill, Inc. required the Plaintiffs to perform a wide variety of "side work" tasks.

57.

Defendant Last Resort Grill, Inc. required the Plaintiffs to perform the following (non-exhaustive) list of side-work tasks:

      a.  set-up and break-down dining area, including put-up/take-down

          chairs, sweep/mop, change tablecloths, check wobble edges,

collecting all salt & pepper shakers, sugar caddies, flowers & candles, take out linen bags;

b.  cutting up produce;

c.  rolling silverware;

d.  cleaning bathrooms, including mopping floors, cleaning toilets and urinals, and restocking bathroom paper products;

e.  sweeping and/or mopping floors in all areas of restaurant;

f.  cleaning walls in the hallway of the restaurant;

g.  cleaning ceiling fan blades;

h.  cleaning vents and replacing vent filters;

i.  sweeping and cleaning the parking lot including the disposal of dead animals;

j.  cleaning the front exterior of the restaurant;

k.  "forming butters;"

l.  unloading, cleaning, rotating stock and restocking the cake-cooler;

m. bake and cut bread;

n.  set up and break-down salad station, including transferring salad ingredients to containers, wrapping left-over items, detail cooler, and reset station for next day;

o.  set up and break-down soup station, including emptying soup containers, cleaning soup station, and wrap & store soup ingredients;

p.  wipe down all stainless- steel sections in back-of-house, including removing all items from shelves, cleaning shelves and restocking;

q.  clean prep sinks in back-of-house;

r.  prepare dressing bottles for sale to customers on demand, and,

s.  refill dressing bottles.

58.

The amount of and list of side work tasks depended, in part, upon the job and station a server or bartender was assigned.

59.

The total amount of side work would typically be between one (1) hour and three (3) hours per shift.

60.

Much of the assigned side work occurred before and after service and was not performed incidental to the Plaintiff's service work.

61.

The total amount of time spent on side work typically exceeded twenty (20) percent of the total shift.

16

<u>Sub-Part 5: Tip Pool Violations.</u>

62.

Allegedly, Defendant Last Resort Grill, Inc. had a tip pool to which servers would contribute a percentage of gross sales – a percentage allegedly between two percent (2 %) and three & one-half percent (3 ½ %) - which would then be paid out to hosts, server assistants and bartenders.

63.

At no point has Defendant Last Resort Grill, Inc.  ever provided the Plaintiffs with a written description of the tip pool.

64.

At no point has Defendant Last Resort Grill, Inc.  ever provided the Plaintiffs with an adequate and complete oral description of the tip pool.

65.

In fact, managers routinely received tips.

66.

For example, bar managers who worked a shift – in whole or part – would participate in tips paid out to bartenders.

67.

Also, when managers worked as hosts, they would receive and keep tips from customers.

17

68.

Defendant Last Resort Grill, Inc.  did not have a point-of-sale system (hereinafter "POS") which tracked gross sales, hours, tips, and tip allocations.

69.

Defendant Last Resort Grill, Inc. did not provide the Plaintiffs – when they worked as servers - with a daily POS report showing their gross sales, cash tips, credit card tips, and tip pool contributions.

70.

Critically, when the Plaintiffs worked as server assistants or bartenders – recipients from the tip pool – their allocations did not match two-to-three & one-half percent (2-3.5 %) of gross sales.  In other words, the amount of money contributed to the tip pool by servers – between two percent (2%) and three & one-half percent (3 ½%) of gross sales – did not equal the amounts being paid out to server assistants and bartenders.  The missing amounts were either taken by management or used as an income source by Defendant Last Resort Grill, Inc.

71.

Back-of-house ("BOH") employees illegally participated in the tip pool in two (2) ways.  Defendant Last Resort Grill, Inc. was aware of these practices and did nothing to intervene.  First, BOH employees would pressure and harass servers to share their tips.  When servers complained to LRG management, the response

was "be a team player."  Second, tips related to take-out order did _not_ go into the

tip pool but rather went directly to BOH employees.

72.

Finally, the total daily tip out – which was based upon _gross sales_ - to the tip

pool by servers typically exceeded 15% of actual tips received, and thus the tip

pool was *per se* not voluntary.


## COUNT I: FAILURE TO PAY MINIMUM WAGE – WORKING OFF THE CLOCK

73.

Plaintiffs restate and reallege paragraphs one (1) through seventy-two (72),

*supra*.

74.

Defendants' willful failure to pay Plaintiffs, and all similarly situated

employees, for all hours worked, including but not limited to pre-shift work,

mandatory meetings, mandatory "tastings," compensable breaks, and compensable

inter-shift wait time, constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

75.

Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar

owe Plaintiffs, and all similarly situated employees, back wages in an amount to be

determined at trial for all unpaid but otherwise compensable time pursuant to 29 U.S.C. §206 and §216.

76.

Additionally, Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar owe Plaintiffs, and all similarly situated employees, liquidated damages in an equal amount for all unpaid but otherwise compensable time pursuant to 29 U.S.C. §206 and §216.

COUNT II:  FAILURE TO PAY MINIMUM WAGE – ILLEGAL KICKBACKS

77.

Plaintiffs restate and reallege paragraphs one (1) through seventy-two (72), *supra*.

78.

Defendants' willful requirement that Plaintiffs, and all similarly situated employees, pay for "lost tickets" and for aprons constitute an illegal "kickback" under the Act in that such charges were (1) solely for the benefit of the employer and (2) brought the Plaintiffs' hourly wages below the required minimum.  Under the Act, tips belong solely to the employees and cannot lawfully be used to pay for such items.  Thus, Defendants' willful actions in requiring such deductions constitute a violation of the §6 of the Act, 29 U.S.C. §206.

79.

Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar owe Plaintiffs, and all similarly situated employees, the return of all illegal kickbacks in an amount to be determined at trial pursuant to 29 U.S.C. §206 and §216.

80.

Additionally, Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar owe Plaintiffs, and all similarly situated employees, liquidated damages in an equal amount for all illegal kickbacks pursuant to 29 U.S.C. §206 and §216.

## COUNT III:  FAILURE TO PAY MINIMUM WAGE – EXCESSIVE & INAPPROPRIATE "SIDE-WORK"

81.

Plaintiffs restate and reallege paragraphs one (1) through seventy-two (72), *supra*.

82.

Defendants' willful failure to pay Plaintiffs, and all similarly situated employees, the full minimum wage for inappropriate side-work and for side-work exceeding twenty percent (20%) of each shift constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

83.

Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar owe Plaintiffs, and all similarly situated employees, back wages in an amount to be determined at trial for all improperly paid side-work pursuant to 29 U.S.C. §206 and §216.

84.

Additionally, Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar owe Plaintiffs, and all similarly situated employees, liquidated damages in an equal amount for all improperly paid side-work pursuant to 29 U.S.C. §206 and §216.

## COUNT IV:  FAILURE TO PAY MINIMUM WAGE – TIP POOL VIOLATIONS

85.

Plaintiffs restate and reallege paragraphs one (1) through seventy-two (72), *supra*.

86.

Defendants' willful violations of the U.S. Department of Labor's regulations governing tip pools, i.e., (a) allowing back-of-house employees to participate, (2) allowing managers to participate, (3) failing to inform the Plaintiffs of the terms of

the tip pool, and (4) failing to distribute all of the tip pool to customarily tipped

employees (and thus illegally retaining a portion of the tip pool for management),

constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

87.

Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar

owe Plaintiffs, and all similarly situated employees, back wages in an amount to be

determined at trial for (1) all illegally retained tips, (2) all tips distributed to back-

of-house employees and managerial employees, and (3) for the full, non-tipped

minimum wage for all hours worked as servers and bartenders pursuant to 29

U.S.C. §206 and §216.

88.

Additionally, Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad

Zarnegar owe Plaintiffs, and all similarly situated employees, liquidated damages

in an equal amount for all illegally retained tips, all tips paid to back-of-house and

managerial employees, and for all unpaid full (non-tip credit) minimum wages

pursuant to 29 U.S.C. §206 and §216.

<u>COLLECTIVE ACTION</u>

89.

Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of:  All current and former bartenders and servers, or other job titles performing the same or similar job duties, who worked for the Defendants at any time in the last three years. (hereinafter referred to as the "FLSA Collective"). Plaintiffs reserves the right to amend this definition as necessary.

90.

29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard: With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the FLSA Collective employees described are "similarly situated" to the Plaintiffs. The class of employees on behalf of whom Plaintiffs brings this collective action are similarly situated because (a) they were employed by Defendants in the same or similar positions as Plaintiffs; (b) they were subject to the same or similar unlawful practices, policies, or plans as Plaintiffs (namely, Defendants' practices, policy, or plan of suffering them to work off-the-clock and then failing to pay them minimum wage, requiring illegal kick-backs, requiring the Plaintiffs to pay in to illegal tip

pools, amongst other causes of actions); (c) their claims are based upon the same

legal theories as Plaintiffs; and (d) the employment relationship between

Defendants and every putative FLSA Collective member is exactly the same, and

differs only by name, location, and rate of pay between bartender, host, server,

waiter, and waitress.

91.

Upon information and belief, Plaintiff estimates that the FLSA Collective,

including both current and former employees of Defendants over the relevant

period, will include several dozen members who would benefit from the issuance

of a court-supervised notice of this action and the opportunity to join it. The

precise number of collective Class members should be readily available from a

review of Defendants' personnel, scheduling, time and payroll records, and from

input received from the collective class members as part of the notice and "opt-in"

process provided by 29 U.S.C. § 216(b).

92.

Plaintiffs share the same interests as the FLSA Collective in that the

outcome of this action will determine whether they are entitled to unpaid overtime

compensation, interest, attorneys' fees and costs owed under the FLSA. Because

the facts in this case are similar, if not altogether identical, to the factual

assessment and legal standards lend themselves to a collective action.

### 93.

All of Defendants' violations of the Act described herein are systemic policy

or practice violations applicable to all bartenders and servers employed during the

Actionable Period. Thus, pursuant to §16 of the Act, 29 U.S.C. §216, Court-

authorized notice should be issued to all servers and bartenders employed by

Defendant Last Resort Grill, Inc. during the Actionable Period.

<u>PRAYER FOR RELIEF</u>

### 94.

Based upon the forgoing paragraphs, Plaintiffs respectfully ask this Court to

find and order the following:

A.  That the Court grant Plaintiffs a trial by jury on all issues of fact;

B.  That the Court issue Notice to all similarly situated persons pursuant to §16
    of the Act, 29 U.S.C. §216;

C.  That the Court find and declare that Defendant Last Resort Grill, Inc,
    Defendant Melissa Clegg and Defendant Jamshad Zarnegar, collectively, to
    have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*., to have
    failed to properly pay the Plaintiffs minimum wages as required, and to have

acted "willfully" thus entitling the Plaintiffs to liquidated damages under the Act;

D. That the Court find and declare that Defendant Melissa Clegg acted directly in the interest of Last Resort Grill, Inc. in relation of the Plaintiffs and that as such Defendant Melissa Clegg was an "employer" of Plaintiffs within the meaning of §3(d) of the Act, 29 U.S.C. §203(d);

E. That the Court find and declare that Defendant Jamshad Zarnegar acted directly in the interest of Last Resort Grill, Inc. in relation of the Plaintiffs and that as such Defendant Melissa Clegg was an "employer" of Plaintiffs within the meaning of §3(d) of the Act, 29 U.S.C. §203(d);

F. That Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar be ordered to pay Plaintiffs back wages equaling the minimum required under §6 of the Act, 29 U.S.C. §206, for all applicable workweeks;

G. That Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar be ordered to pay Plaintiffs liquidated damages under the Act;

H. That Defendants Last Resort Grill, Inc., Melissa Clegg and Jamshad Zarnegar be ordered to pay Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. §216; and,

I. For such other and further relief as the Court finds just and appropriate.

## **JURY DEMAND**

NOW COME Plaintiffs, by and through their Attorney, and hereby demands a

trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the

court rules and statutes made and provided with respect to the above entitled cause.

Respectfully submitted this twenty-fourth (24th) day of August 2020.

*/s/ Peter H. Steckel*
Peter H. Steckel
Georgia Bar Number 491936
Counsel for Plaintiffs

Steckel Law, L.L.C.
54 South Main Street
Watkinsville, Georgia 30677
(404) 717-6220
Email: peter@SteckelWorkLaw.com