IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MADISON McDEARIS, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:20-cv-93-CDL |
| LAST RESORT GRILL, *et al.*, | : | |
| Defendants. | : | |
| ALMA KAEMPF, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:20-cv-139-CDL |
| | : | (Docket in Case No. 3:20-cv-93) |
| LAST RESORT GRILL, *et al.*, | : | |
| Defendants. | : | |

**ORDER ON MOTIONS TO SEAL**

On September 1, 2021, the undersigned United States Magistrate Judge conducted a mediation of the two above-captioned cases, which concluded with an agreement to settle all matters, memorialized in an eight page "Summary of Certain Terms of Proposed Settlement," signed by all necessary parties and by their attorneys. The settlement agreement included a provision regarding resolution of any dispute as to the terms of the settlement:

> In the event the Parties are unable to agree on any proposed provision of the General Settlement Agreement or the FLSA Settlement Agreement, the Parties consent to the Honorable Charles H. Weigle presiding over the dispute and to having Magistrate Judge Weigle resolve the disagreement using the executed version of this Summary as a guide for his award.
>
> Doc. 52-4, p. 4.

1

The parties now dispute the terms and the enforceability of the settlement agreement. Defendants have filed a motion to enforce the settlement agreement (Doc. 52), contending that Plaintiffs have refused to honor the terms of the agreement.

In connection with that motion, Defendants have filed a motion to seal (Doc. 53), asking the Court to file under seal the confidential portions of the parties' term sheet contained in exhibits 3 and 4 of their motion to enforce (Docs. 52-4, 52-5). The Court has referred the motion to seal to the undersigned, pursuant to the parties' consenting to have the undersigned preside over any dispute related to the terms of the settlement agreement. Plaintiffs have objected to the motion to seal, contending that "there is no enforceable agreement between the Parties and that seeking to seal these documents is a violation of the Eleventh Circuit Court of Appeals' decision in *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Plaintiffs' objection is misplaced. The decision in *Lynn's Food Stores* holds that a district court must approve any settlement of a claim for back wages and liquidated damages under the Fair Labor Standards Act. This matter is not before the undersigned for approval of the settlement agreement, however, but for resolution of a dispute over the terms of the agreement. The agreement itself acknowledges that the settlement of the FLSA claims must be submitted to the District Court for approval. The agreement also provided that matters related to the settlement of the non-FLSA claims be kept confidential, and this confidentiality was a substantial and material element of the agreement.

For purposes of the present dispute over the terms of the agreement, it is appropriate that the materials presented remain sealed at least pending the outcome of the motion. To do otherwise would be to nullify a substantial part of the agreement in advance of any ruling on its enforceability. The filing of these materials under seal is consistent with the balancing of interests

prescribed in *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007), which provides:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Allowing public access to these materials in advance of any ruling on the enforceability of the terms of the settlement agreement would hinder the public's interest in encouraging the voluntary settlement of disputes. The public interest in disclosure outlined in the *Lynn's Food Stores* decision may be addressed later by the District Court upon motion for approval of the settlement agreement.

Accordingly, Defendants' motion to seal (Doc. 53) is hereby **GRANTED**. The confidential portions of the parties' Term Sheet contained in Exhibits 3 and 4 to Defendants' Motion to Enforce and Approve FLSA Settlement Agreement and Motion for Sanctions (Docs. 52-4, 52-5) shall remain redacted on the public docket. Plaintiffs' Motion to Seal (Doc. 64) is also **GRANTED**. Plaintiffs may file under seal the Statement of Material Facts and attached exhibits in support of the Brief in Opposition to Defendants' Motion to Enforce.

**SO ORDERED**, this 24th day of November, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge