# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MADISON McDEARIS, *et al.*, | |
| Plaintiffs, | |
| v. | CASE NO. 3:20-cv-93 (CDL) |
| LAST RESORT GRILL, INC., *et al.*, | |
| Defendants. | |
| ALMA KAEMPF, *et al.*, | |
| Plaintiffs, | |
| v. | CASE NO. 3:20-cv-139 (CDL) |
| LAST RESORT GRILL, INC., *et al.*, | |
| Defendants. | |

## JOINT STIPULATED HIPAA PROTECTIVE ORDER

PURSUANT to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Court enters the Parties' proposed Joint Stipulated HIPAA Protective Order as agreed to in the terms of the Joint Motion for Stipulated HIPAA Protective Order. It is hereby ORDERED as follows:

1. Definitions.

   a. "Covered Entities" means those entities defined in 45 C.F.R. §160.103. In general, "covered entities" are: (1) health plans; (2) health care clearinghouses; and (3) health care providers who electronically transmit any health information in connection with transactions for which the U.S. Department of Health & Human Services has adopted standards. "Health care providers," in turn, are generally defined as any provider of services (as defined in §1861(u) of the Act, 42 U.S.C. §1395x(u), a provider of medical or health services (as defined in §1861(s) of the Act, 42 U.S.C. §1395x(s)), and any other person or organization who furnishes, bills, or is paid for health care in the normal course of business.

   b. "HIPAA" refers to the Health Insurance Portability and Accountability Act of 1996, found in various sections of Titles 29 and 42 of the U.S. Code, e.g., 29 U.S.C. §1181 et. seq., 42 U.S.C. §1320a-7c, and 42 U.S.C. §1395b-5.

   c. "PHI" means "protected health information" as that term is used in HIPAA and the related Privacy Standards and defined in at 45 C.F.R. §160.103 and §164.501.

   d. "Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information, more fully set out in 45 C.F.R. §160 and §164.

2. The Parties and their attorneys are hereby authorized to receive, subpoena, and transmit PHI pertaining to Plaintiffs to the extent and subject to the limitations contained herein.

3. All Covered Entities are hereby authorized to disclose PHI pertaining to the Plaintiffs to attorneys representing the Plaintiffs and the Defendants in this action.

4. The Parties and their attorneys shall be permitted to use or disclose the PHI of Plaintiff for the limited purposes of prosecuting or defending this action, including any appeal. This use includes, but is not limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in this litigation.

5. Prior to disclosing any Plaintiff's PHI to persons involved in this litigation, counsel shall inform such person(s) that the Plaintiff's PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the Plaintiff's PHI do not use or disclose such information for any purpose other than the present litigation.

6. Within forty-five (45) days after the conclusion of this litigation, including appeals, the Parties, their attorneys, and any other person(s) or entity in possession of Plaintiffs' PHI, shall return Plaintiffs' PHI to the Covered Entity from which it came, or destroy any and all copies of Plaintiffs' PHI, except that counsel

are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, trial, and motion exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Plaintiffs' PHI, and counsel are not required to secure the return or destruction of PHI submitted to the Court.

7. This Order does not control or limit the use of PHI pertaining to the Plaintiffs that comes into the possession of the Parties or their attorneys from any source other than a Covered Entity, as that term is defined in 45 C.F.R. §160.103.

8. Nothing in this Order authorizes Counsel for Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to patient authorization, or other lawful means.

9. Nothing in this Order shall limit, expand, or restrict any right of any Party to resist or compel discovery with respect to materials which that Party may claim to be privileged, to be attorney work product, or otherwise not discoverable in this action, or the right of any Party to seek additional protection pursuant to Rule 26 of the Federal Rules of Civil Procedure.

10. This Order does not authorize any Party to seal court filings or court proceedings. The Court will make a good cause determination for filings under seal if and when the Parties seek to file Plaintiffs' PHI under seal.

5

**IT IS SO ORDERED,** this 30th day of November 2021.

                                                      S/Clay D. Land
                                        Clay D. Land
                                        U.S. District Court Judge
                                        Middle District of Georgia