IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MADISON McDEARIS, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:20-cv-93-CDL |
| LAST RESORT GRILL, *et al.*, | : | |
| Defendants. | : | |
| ALMA KAEMPF, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:20-cv-139-CDL |
| | : | (Docket in Case No. 3:20-cv-93) |
| LAST RESORT GRILL, *et al.*, | : | |
| Defendants. | : | |
| RACHAEL MILLS, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:20-cv-115-CDL |
| LAST RESORT GRILL, *et al.*, | : | |
| Defendants. | : | |

## RECOMMENDATION ON MOTION FOR ATTORNEYS' FEES

On March 22, 2022, the Court entered an Order (Doc. 121/86) adopting a Recommendation (Doc. 121/79) to grant Defendants' motion to enforce a settlement agreement. The Recommendation and the Order included a finding that the Defendants

1

were entitled to recover reasonable attorneys' fees for their costs in pursuing the motion to enforce the settlement agreement, pursuant to 29 U.S.C. § 1927. The Order directed Defendants to present a statement itemizing the amounts they seek for reasonable expenses, costs, and attorneys' fees for having to pursue and litigate the motion. As directed, Defendants have submitted documentation in support of a request for fees and expenses in the amount of $40,326.50. Upon review of Defendants' documents and Plaintiffs' response, it is hereby **RECOMMENDED** that the Court award Defendants fees and costs in the amount of $29,619.50.

An award of reasonable attorneys' fees is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). In determining hours reasonably expended, courts should exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours. *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). To determine a reasonable hourly rate, courts consider "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299.

Defendants have presented billing records showing that seven different attorneys – three partners and four associates – worked on the motion to enforce the settlement agreement, with the assistance of three paralegals, for a total of 162.5 hours. (Doc. 126, p. 14). Although "[t]here is nothing inherently unreasonable about a client having multiple

attorneys," the fee applicant must show that "the time spent by those attorneys reflects the distinct contribution of each lawyer to the case." *Barnes*, 168 F.3d at 423 (quoting *Norman*, 836 F.2d at 1302). Given the complexity of the issues in this case, it was not unreasonable to have more than one attorney working on the motion, but it was not necessary to have seven.

The detailed time records submitted by the Defendants indicate that three attorneys did most of the work on the motion. Partner Kathryn McConnell, who was the lead attorney during the mediation that resulted in the settlement agreement, appears to have taken the lead in preparing the motion and to have logged 23.3 hours of work on the matter. Given her role, these hours are reasonable. The billing records indicate that senior associate Alex Berg was the primary drafter of the briefs submitted, and the records show that Mr. Berg expended 75.6 hours in preparing the briefs. The records show that associate Jacob Gibson assisted in the drafting and performed much of the legal research in preparation for the motions, expending a total of 37.9 hours. The billing records suggest that there was considerable overlap or redundancy in the work done by the two associates, warranting some reduction in the hours payable. Together, the attorneys produced two briefs in support of two separate motions to enforce the settlement agreement, 20 and 16 pages long, and two reply briefs following Plaintiffs' response, both 13 pages long, along with a motion to seal and a motion for leave to file excess pages and many supporting exhibits. The briefs were well researched and persuasive. In light of the final product, an award of fees for 23.3 hours of work by Ms. McConnell, 70 hours of work by Mr. Berg, and 25 hours of work by Mr. Gibson is reasonable. In addition, Defendants' billing records also show a total of 3.3

hours expended by three paralegals working in the case, a perfectly reasonable amount in the circumstances.

The hourly rates requested by Defendants' counsel are reasonable and consistent with the fees charged by lawyers of similar skill and experience within the Middle District of Georgia. Defendants have billed Ms. McConnell at a rate of $320 per hour and the two associates at a rate of $230 per hour. Defendants have billed the paralegals at a rate of $95 per hour. Plaintiffs have not objected to the rates requested, and they are consistent with rates previously awarded in the Athens Division of this Court. *See, e.g., Prison Legal News v. Chapman*, 3:12-cv-125, Doc. 114 (M.D.Ga., Sept. 29, 2015).

Based on the above, Defendants are entitled to recover the following fees:

- Kathryn McConnell: 23.3 hours at $320 per hour        $ 7,456.00
- Alex Berg: 70 hours at $230 per hour                  $16,100.00
- Jacob S. Gibson: 25 hours at $230 per hour            $ 5,750.00
- Three paralegals: 3.3 hours at $95 per hour           $   313.50

    **Total**                                           **$29,619.50**

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendants' Motion for Costs, Expenses, and Attorneys' Fees (Doc. 126/88) be **GRANTED**, and that the Court enter an order awarding Defendants fees in the amount of $29,619.50.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited

in length to TWENTY (20) PAGES. *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 16th day of December, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
